FRED A. RISSER, President Wisconsin State Senate
The Senate Committee on Organization has requested my opinion concerning the constitutionality of secs. 756.03(2) and 756.031, Stats. (formerly, secs. 255.03(2) and 255.031, Stats.). Section756.03(2), Stats., requires jury commissioners to swear an oath that they will, among other things, report to the court the names of all persons who attempt to influence the commissioners in the selection of jurors. Section 756.031, Stats., provides:
 Any person who asks or solicits any jury commissioner appointed under s. 756.03, or the sheriff or other officer to select him or her or any other person, or place his or her name or the name of any other person on any list as a grand or petit juror in any court, and any such jury commissioner or sheriff or other officer who selects the person or places his or her name upon any such list upon such solicitation may be fined not more than $100 or imprisoned not more than 6 months.
The specific concern is whether these provisions violate a person's right of freedom of speech.
Freedom of speech is one of the fundamental rights guaranteed by the United States Constitution and any attempt to restrict free expression bears a heavy burden of justification. But, while free speech is a protected value, it is not absolutely protected. Konigsberg *Page 20 v. State Bar of California, 366 U.S. 36, 49 (1961); Near v. Stateof Minnesota, 283 U.S. 697, 716 (1931); Whitney v. People ofState of California, 274 U.S. 357, 373 (1927). Proscriptions against libel, false advertising, solicitation of crime, to mention but a few, are activities that may be restricted by statute without conflicting with the first amendment guarantee of free speech. In Konigsberg, the Court reaffirmed the principle that "constitutionally protected freedom of speech is narrower than an unlimited license to talk." 366 U.S. at 50. The Court has consistently recognized that:
 [G]eneral regulatory statutes, not intended to control the content of speech but incidentally limiting its unfettered exercise, have not been regarded as the type of law the First or Fourteenth Amendment forbade Congress or the States to pass, when they have been found justified by subordinating valid governmental interests, a prerequisite to constitutionality which has necessarily involved a weighing of the governmental interest involved.
366 U.S. at 50-51.
The "balancing" test suggested in Konigsberg was elaborated further in United States v. O'Brien, 391 U.S. 367, 377 (1968):
 [W] e think it clear that a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.
The fundamental question as regards secs. 756.03 and 756.031, Stats., is whether they are of such a nature as to meet the balancing test of Konigsberg and O'Brien. In my opinion, these sections meet that test.
Section 756.031, Stats., for example, prohibits asking or soliciting any of the named public officials to place an individual on a jury list. A jury commissioner may not know, in most instances, whether the person volunteering for jury duty desires to be on a panel for the purpose of corrupting deliberations. The Legislature may properly have reasoned that this legislation will enhance the integrity of jury selection. *Page 21 
The restriction on speech is minimal and incidental to the main purpose of the statute: the prohibition of any attempt to influence a public official in the selection of jurors. The governmental interests in maintaining the integrity of the jury system and facilitating the fair administration of justice are substantial and of legitimate governmental concern. Moreover, these interests are unrelated to the suppression of free expression. A citizen remains free to express opinions in a traditional first amendment forum; only the solicitation of jury duty is prohibited.
A second consideration in applying the balancing test is whether the challenged regulation is drawn narrowly to achieve its purpose. In Kusper v. Pontikes, 414 U.S. 51, 59 (1973), the Court held: "If the State has open to it a less drastic way of satisfying its legitimate interests, it may not choose a legislative scheme that broadly stifles the exercise of fundamental personal liberties." The goal of the challenged statutes is to prevent subversion of the jury system by prohibiting attempts to influence public officials who are responsible for jury selection. It appears that sec. 756.031, Stats., is the least restrictive means of accomplishing that goal. The scope of speech restricted by the statute is minimal and not related to the expression of political opinions or other public concerns.
Finally, a recent Supreme Court case, Ohralik v. Ohio State BarAssn., 436 U.S. 447 (1978), is instructive. Ohralik, an Ohio attorney, personally solicited two victims of an auto accident and was retained by both in connection with claims arising from the accident. Subsequently, Ohralik was suspended from the practice of law by the Ohio Supreme Court after the Board of Commissioners on Grievance and Discipline found that he had violated the disciplinary rules of the Code of Professional Responsibility which prohibit a lawyer soliciting clients in person for pecuniary gain. On appeal, the Supreme Court affirmed the decision rejecting Ohralik's contention that the action violated freedom of speech. While this case deals with commercial speech and thus not accorded the degree of protection, its rationale is applicable to solicitation of jury duty. In Ohralik, the Court held that prohibition of solicitation per se is permissible since "[t]he Rules prohibiting solicitation are prophylactic measures whose objective is the prevention of harm before it occurs." 436 U.S. at 464. If the state's perception of the potential for harm is well founded, regulation *Page 22 
is justified. In the case of solicitation for jury duty, the potential for harm is certainly great enough to warrant regulation by the state.
In summary, secs. 756.03 and 756.031, Stats., do not unduly restrict free expression so as to render them unconstitutional. They regulate conduct of legitimate governmental concern. Moreover, the restrictions imposed on speech are narrowly limited to achieve a legitimate governmental purpose.
BCL:WHW:scj